**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.: 14-cv-00820-REB-MJW

C.S.T. MOTORS, INC.,

      Plaintiff,

v.

FEDERATED MUTUAL INSURANCE COMPANY, a Minnesota Insurance Company,

      Defendant.

---

FEDERATED MUTUAL INSURANCE COMPANY, a Minnesota Insurance Company,

      Counterclaimant,

v.

C.S.T. MOTORS, INC.,

      Counterclaim Defendant.

---

**ORDER DENYING MOTION TO CONTINUE TRIAL**

---

**Blackburn, J.**

      The matter is before me on the following:  (1) the **Joint Motion To Amend Scheduling Order As to Trial Date** [#23] filed June 4, 2014; and (2) the **Status Report Regarding Joint Motion To Amend Scheduling Order as to Trial Date** [#44] filed February 20, 2015.  Considering the motion and status report together, the plaintiff now seeks a continuance of the trial in this case.  The defendant opposes a continuance.  I deny the motion.

      The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary.

*See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*,175 F.3d 1221, 1230

(10th Cir. 1999) (citing *U.S. v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing

factors)).   The quadripartite factors include:

> (1) the diligence of the party requesting the continuance; (2) the likelihood
> that the continuance, if granted, would accomplish the purpose underlying
> the party's expressed need for the continuance; (3) the inconvenience to
> the opposing party, its witnesses, and the court resulting from the
> continuance; [and] (4) the need asserted for the continuance and the harm
> that [movant] might suffer as result of the district court's denial of the
> continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States*

*v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).

Trial in this case is set for eight trial days, April 27 to 30, and May 4 to May 7,

2015.  When the joint motion to amend [#23] was filed, counsel for both parties

represented that they had trial settings which conflicted with the trial setting in this case.

The status report [#44] shows that all of the conflicting trials mentioned in the motion

[#23] no longer are set for trial on conflicting dates.  In the status report, however,

counsel for the plaintiff reports a new and different conflict.  According to counsel for the

plaintiff, on January 20, 2014, a trial was set in *Shafinia v. Auto-Owners*, 13-cv-01111-

BP.  That trial is set to begin in Kansas City, Missouri on May 18, 2015, eleven days

after the trial in the above-captioned case will end.  The trial date in the above-

captioned case was set on May 21, 2014. Counsel for the plaintiff contends she is not

able to prepare properly for trial in the Shafinia case while also trying the above-

captioned case.

This conflict in trial settings does not constitute good cause for a continuance of

the trial in the above-captioned case.  The purported conflict was not noted when the

joint motion to amend [#23] was filed even though the Shafinia trial setting was in place

when the motion was filed.  Further, the fact that the Shafinia trial begins eleven days after this trial ends is not a direct conflict.  Counsel for the plaintiff cites no unusual circumstances which make this conflict acute rather than oblique.  These circumstances indicate a lack of diligence on the part of counsel for the plaintiff.  If granted, a continuance likely would give counsel for the plaintiff additional preparation time for the Shafinia trial, but carful planning in advance of this trial and the Shafinia trial likely can permit counsel adequate preparation time for both trials.  Meanwhile, the defendant is ready to proceed to trial in this case beginning April 27, as is the court.  Thus a continuance would impose some inconvenience on the defendant and the court. Finally, even without continuance, there is little indication that the movant will suffer substantial harm.  The eleven day gap between the two trials in question provides a substantial cushion of time for counsel for the plaintiff.  Finally, I note that a total of four individual attorneys have entered an appearance in this case on behalf of the plaintiff. There is no indication in the record that all four of these attorneys also will be preparing for trial in the Shafinia case.

I have considered carefully each of the relevant factors as stated in ***United States v. Rivera***, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting ***United States v. West***, 828 F.2d 1468, 1470 (10th Cir. 1987)).  On balance, they weigh against a continuance of the trial. Based on the foregoing, the motion should be denied.

**THEREFORE, IT IS ORDERED** that the **Joint Motion To Amend Scheduling Order As to Trial Date** [#23] filed June 4, 2014, is denied.

Dated March 24, 2015, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge